Filed 8/17/23  P. v. Ponce CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061991 |
| v. | (Super. Ct. No. 04WF2333) |
| LUIS TEODORO PONCE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge. Affirmed.

Ronda G. Norris, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Luis Teodoro Ponce on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court she found no issues to argue on his behalf.

Counsel advised the court the applicable law in this case is *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*Delgadillo, supra*, 14 Cal.5th at pp. 226, 231.) Thus, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel has found no arguable issues and including a concise recitation of facts relating to the denial of the petition. (*Id.* at p. 231) The reviewing court should send the brief to the defendant with notice that the defendant has the right to file a supplemental brief or letter within 30 days, and if no brief or letter is filed, the appeal may be dismissed. (*Id.* at pp. 231-232.) If the defendant fails to file a supplemental letter or brief, the court retains discretion to conduct an independent review of the record in any particular Penal Code section 1172.6[1] appeal. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

On February 22, 2023, we ordered counsel to send the record of this appeal and a copy of Ponce's brief to him immediately if these materials had not already been sent to appellant. Counsel advised this court she advised her client that he may personally file a supplemental brief or a letter, and that his case will likely be dismissed if he fails to file his own supplemental brief. Ponce did not file a supplemental brief or letter. We exercise our discretion to review the record.

To assist the court in conducting a discretionary independent review of the record, counsel provided the court with information as to one issue that might arguably

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code, unless otherwise indicated.

2

support an appeal: did the trial court err by finding Ponce had not set forth a prima facie case for resentencing relief under section 1172.6, subdivision (c)? (*Anders, supra,* 386 U.S. at pp. 744, 745.)

We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

A complete recitation of the facts can be found in our prior nonpublished opinion *People v. Luis Teodoro Ponce* (June 25, 2007, G036640). The sole issue in this appeal is whether the trial court erred when it found Ponce failed to set forth a prima facie case for resentencing under to section 1172.6, subdivision (c). We include here only the facts relevant to address the limited issue on appeal.

In March 2005, an information charged Ponce with the 2004 murder of German Garcia in violation of section 187, subdivision (a). The information alleged Ponce personally discharged a firearm causing Garcia's death in violation of section 12022.53, subdivision (d), and personally and intentionally discharged the firearm within the meaning of sections 1192.7 and 667.5. At trial, the court did not instruct the jury on aiding and abetting, felony murder, the natural and probable consequences doctrine, or any other theory of imputed liability. The jury convicted Ponce of second degree murder and found the firearm allegations true. The court sentenced Ponce to 15 years to life for the murder, and 25 years to life term for the firearm enhancement.

In July 2022, Ponce filed a petition for resentencing pursuant to section 1172.6. The prosecution filed a response. Ponce's counsel filed a brief requesting an order to show cause.

In a statement of decision, the trial court denied the petition for resentencing relying on the record of conviction, including the information, the court's minute orders, the jury instructions, and the verdict forms. The court reasoned the record of conviction established the court did not instruct the jury on felony murder, the natural

3

and probable consequences doctrine, or any other theory under which malice is imputed to a person based solely on that person's participation in a crime. The court added the jury's true finding on the allegation Ponce personally discharged a firearm causing death demonstrated the jury concluded he was the actual killer. Ponce filed a timely notice of appeal.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) amended sections 188 and 189, effective January 1, 2019, to eliminate natural and probable consequences liability for murder, and to limit the scope of the felony-murder rule. (*People v. Lewis* (2021) 11 Cal.5th 952, 957, 959 (*Lewis*).) Under sections 188 and 189, as amended, murder liability can no longer be "imposed on a person who [was] not the actual killer," who "did not act with the intent to kill," or who "was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); *Lewis, supra*, 11 Cal.5th at p. 959.) SB 1437 also added section 1172.6 which, as originally enacted, set forth a procedure whereby a "person convicted of felony murder or murder under a natural and probable consequences theory" could petition for resentencing relief. (Former § 1172.6, subd. (a).)

Senate Bill No. 775 (2021-2022 Reg. Sess.) (SB 775), effective January 1, 2022, amended section 1172.6, subdivision (a), to expand the individuals entitled to petition for resentencing. (Stats. 2021, ch. 551, § 1, subd. (a).) Subdivision (a) of that section now expressly permits individuals convicted of attempted murder or manslaughter under a natural and probable consequences theory to file a petition for resentencing relief. A section 1172.6 petition is required to make "'a prima facie showing' for relief. [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 960.)

In *Lewis,* our Supreme Court held, "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly

4

meritless." (*Lewis, supra*, 11 Cal.5th at p. 971.)  To be eligible for relief under section 1172.6, the petitioner must make a prima facie showing that he or she "could not presently be convicted of murder . . . because of changes to [s]ection 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (a)(3).)

Here, the trial court correctly denied Ponce's petition because the record established he was convicted on a theory of murder that remains valid notwithstanding SB 1437's amendments to sections 188 and 189.  (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 330, disapproved on another ground by *Lewis, supra,* 11 Cal.5th at pp. 961-963.)  Specifically, the jury instructions establish Ponce was not convicted under any theory of vicarious liability that is now prohibited.  He could not have been convicted under a felony murder theory or the natural and probable consequences doctrine because the court did not instruct the jury on these theories.  Additionally, the jury found true the enhancement Ponce personally used a firearm causing death.  Thus, it concluded Ponce was the actual killer.  We find no error.

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.

5